IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NOV 21 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| MICHAEL WALKER, | § | |
|     Plaintiff, | § § § | |
| VS. | § | NO. 4:16-CV-925-A |
| OCWEN LOAN SERVICING, LLC, | § § § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Ocwen Loan Servicing, LLC, to dismiss. Plaintiff, Michael Walker, although having been granted an extension of time, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On August 31, 2016, plaintiff filed his original petition in the 48th Judicial District Court of Tarrant County, Texas, seeking to stop a foreclosure set for September 6, 2016. Plaintiff urged that defendant was "violating the Texas debt collection statutes by proceeding with collection activities before substantially validating the debt." Doc.[1] 1, Ex. C-1 at 5.

---

[1]The "Doc.___" reference is to the number of the item on the docket in this action.

Defendant timely filed its notice of removal, bringing the action before this court.

II.

Grounds of the Motion

Defendant asserts two grounds in support of its motion. First, this action is barred by res judicata. Second, even if res judicata does not apply, plaintiff has failed to assert facts alleging a plausible cause of action against defendant.

III.

Applicable Legal Principles

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. Dean v. Mississippi Bd. of Bar Admissions, 394 F. App'x 172, 175 (5th Cir. 2010). In making such a ruling, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003). In addition, the court may take judicial notice of the record in a prior related proceeding over which it presided, and may dismiss a complaint sua sponte under principles of res judicata. Arizona v. California, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may

dismiss the action <u>sua sponte</u>, even though the defense has not been raised.").

## IV.

## Analysis

The court concludes that it is readily apparent from the face of the petition and proceedings of which the court may take judicial notice that the elements of <u>res judicata</u> are met, and that this action must be dismissed.

Under Fifth Circuit law, "<u>res judicata</u> is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. <u>Procter & Gamble Co. v. Amway Corp.</u>, 376 F.3d 496, 499 (5th Cir. 2004) (quoting <u>United States v. Shanbaum</u>, 10 F.3d 305, 310 (5th Cir. 1994)). The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action. <u>Nilsen v. City of Moss Point</u>, 701 F.2d 556, 561 (5th Cir. 1983). Under <u>res judicata</u>, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. <u>Test</u>

3

Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts" and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen, the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated.

Nilson, 701 F.2d at 560 (emphasis in original). See also Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004) (prior judgment's preclusive effect extends to all rights of plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose."); Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts.").

In this case, all four elements of res judicata are met. First, the same plaintiff has brought an action against the same

4

defendant in both lawsuits. Second, the judgment in the prior action, No. 4:14-CV-081-O, was rendered by this court, which is a court of competent jurisdiction. Third, the prior action was concluded by a final judgment on the merits, as all claims and causes of action in the prior action were dismissed with prejudice. Fourth, the claims and causes of action raised by plaintiff in both actions were related to plaintiff's interest in the same property and revolved around plaintiff's belief that defendant had acted wrongfully in relation to the lien on his property and in attempting to foreclose the lien on his property. Thus, all of plaintiff's claims in the instant action could have been brought in the prior action, and must be dismissed. <u>Warren v. Mortgage Elec. Registration Sys., Inc.</u>, 616 F. App'x 735, 737-38 (5th Cir. 2015).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims against defendant be, and are hereby, dismissed with prejudice.

SIGNED November 21, 2016.

_____
JOHN McBRYDE
United States District Judge

5